**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALYCIA AMOR-GARCIA<br>59 Evans Avenue<br>Sinking Spring, PA 19608<br><br>Plaintiff,<br><br>vs.<br><br>ESSENTIAL CARBS, LLC<br>9994 North 6610 W<br>Highland, UT 84003<br><br>Defendant<br><br>and<br><br>CHILLED SUGAR, LLC d/b/a<br>CRUMBL COOKIES<br>2779 Paper Mill Road<br>Sinking Spring, PA 19608<br><br>Defendant. | CIVIL ACTION – LAW<br>NO.<br><br>*Electronically filed*<br><br>JURY TRIAL OF 12 DEMANDED |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under Title VII, 42 U.S.C. §2000e, *et seq*. Plaintiff's Title VII Notice of Right to Sue letter was issued February 27, 2023 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing. Plaintiff will seek the Court to deem her PHRA action filed when one year has passed. This Court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2. Venue is proper in the Eastern District of Pennsylvania because Plaintiff lives in and worked in this district at a facility/residence owned or operated by the Defendants in Sinking Spring, Berks County, Pennsylvania.

## FACTUAL ALLEGATIONS

3. Plaintiff Alycia Amor-Garcia is a minor, female by sex, and Berks County resident living at 59 Evans Avenue, Sinking Spring, Pennsylvania 19608.

4. Defendant Essential Carbs, LLC (hereinafter "Defendant Essential Carbs"), is a limited liability company registered in the state of Pennsylvania, formed in and with a corporate address of 9994 North 6610 W, Highland, Utah, 84003, and with a registered agent/service address of 3712-3 Nazareth Road, Easton, Pennsylvania 18045.

5. Defendant Chilled Sugar, LLC d/b/a Crumbl Cookies (hereinafter "Defendant Chilled Sugar") is a limited liability company registered in the state of Pennsylvania with an address of 2779 Papermill Road, Reading, Pennsylvania, 19610.

6. Plaintiff worked for Defendant Essential Carbs and Defendant Chilled Sugar part-time as a Baker beginning March 18, 2022.

7. Plaintiff is female (sex), Hispanic (race), Puerto Rican (national origin) and self-identifies as brown (color).

8. In June 2022, Plaintiff emailed Owner Andy Sullivan and relayed that she felt underappreciated, there was favoritism and discrimination regarding the scheduling of hours, and that General Manager Kristen Wagner did not respond to or acknowledge her.

9. Owner Andy Sullivan responded to Plaintiff's email, stating, "…please don't ever pull the race card with me".

10. In early July 2022, Defendants' General Manager, Kristin Wagner, went over the dress code with the employees, and in particular pointed out the need for "black pants".

11. On July 8, 2022, a co-worker, Qwamee Najee began hovering and watching Plaintiff very closely.

12. Plaintiff decided to move to the handwashing station. Mr. Najee followed her to the handwashing station and continued to invade her personal space.

13. Mr. Najee asked Plaintiff if her pants had pockets as he was peering at her buttocks.

14. Mr. Najee used the excuse that this questioning pertained to the dress code.

15. Plaintiff's sister, Amanda Amor-Garcia, was also employed by Defendant Essential Carbs and Defendant Chilled Sugar as a Supervisor during the same time period.

16. Mr. Najee relayed to Plaintiff's sister, approximately one month prior to Plaintiff's termination, that Mr. Najee and Ms. Amalista Carpio, Assistant Store Manager, were in a relationship.

17. Plaintiff reported the sexual misconduct by Mr. Najee to Assistant Store Manager, Ms. Carpio.

18. Nothing came of Plaintiff's report of sexual misconduct directly, but her sister, Amanda, was harassed in an attempt to have her persuade Plaintiff to drop her complaint and support the Employer.

19. Both Ms. Carpio and Mr. Najee stated that Plaintiff was 'problematic and lying'.

20. Plaintiff was terminated on July 11, 2022.

21. Plaintiff was fired in retaliation for protected activity, including bringing the sexual misconduct of Mr. Najee to the attention of her Manager, Ms. Carpio.

22. Defendants' actions were based on Plaintiff's sex and based on complaint of workplace harassment.

22. Plaintiff was treated differently from similarly-situated Caucasian workers in the same or similar positions.

23. Alternatively, Plaintiff was retaliated against for making a complaint about comments and actions she considered sexual and racial.

24. Defendant Essential Carbs and Defendant Chilled Sugar acted with malice or reckless indifference to Plaintiff's federally- protected rights.

25. At the time of her termination, Plaintiff was earning $14/hour.

26. At all relevant times, Defendant Essential Carbs and Defendant Chilled Sugar did not act in good faith and the activity of terminating or failing to continue to employ Plaintiff was done in consultation with second-line supervisors or above and Human Resources officials.

22. Defendants' activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

23. No similarly-situated members of other protected classes were treated in this fashion.

## COUNT I

## VIOLATION OF TITLE VII -- DISCRIMINATION

24. Plaintiff incorporates paragraphs 1 through 23 above as if set forth herein.

25. Plaintiff is in protected classes.

26. Plaintiff suffered adverse employment action(s) because of her sex, race, national origin or color by Defendant Essential Carbs and Defendant Chilled Sugar.

27. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in protected classes.

28. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

## VIOLATION OF TITLE VII -- RETALIATION

29. Plaintiff incorporates paragraphs 1 through 28 above as if set forth herein.

30. Plaintiff is in protected classes.

31. Plaintiff suffered adverse employment action(s) because she reported what she thought were discriminatory comments and actions.

32. Plaintiff has a good-faith, reasonable belief that her conduct was protected activity.

33. There is a causal connection between the adverse employment action sustained by Plaintiff and her activity herein.

34. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine

## COUNT III

## DISCRIMINATION

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

35. Plaintiff incorporates paragraphs 1 through 34 above as if set forth herein.

36. Plaintiff is in protected classes.

37. Plaintiff suffered adverse employment action(s) because of her sex, race, national origin or color by Defendant Essential Carbs and Defendant Chilled Sugar.

38. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in protected classes.

39. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT IV**

**RETALIATION**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

40. Plaintiff incorporates paragraphs 1 through 39 above as if set forth herein.

41. Plaintiff is in protected classes.

42. Plaintiff suffered adverse employment action(s) because she reported what she thought were discriminatory comments and actions.

43. Plaintiff has a good-faith, reasonable belief that her conduct was protected activity.

44. There is a causal connection between the adverse employment action sustained by Plaintiff and her activity herein.

45. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief

such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date: 5/25/2023

BY: *s/ Edward C. Sweeney*

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
102 Pickering Way, Suite 403
Exton, PA 19341
(610) 594-1600
Validation of signature code: ECS1942

# EXHIBIT A

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/27/2023

**To:** Alycia A. Amor - Garcia
59 Evans Ave Pennsylvania
SINKING SPRING, PA 19608

Charge No: 530-2022-05413

EEOC Representative and phone: Legal Unit Representative
Legal Unit
267-589-9707

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
02/27/2023

Karen McDonough
Deputy District Director

**Cc:**

Kevin Moore
Barley Snyder
2755 CENTURY BLVD
Wyomissing, PA 19610

Caleb Setlock
Barley Snyder
126 E KING ST
Lancaster, PA 17602

Alexis Hoffman
2779 PAPERMILL RD
WYOMISSING, PA 19610

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law.** If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2022-05413 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.